IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SCHERITA DANIEL,  x

    Plaintiff,  :

vs.  :  CIVIL ACTION FILE
    NO. 1:10-cv-03455-SCJ-LTW

DEKALB COUNTY SCHOOL DISTRICT, :

    Defendant.  :
_____x

### MOTION FOR A PROTECTIVE ORDER
### AND TO EXTEND DISCOVERY

Plaintiff, Scherita Daniel, by her counsel of record, Robert N. Marx of Marx & Marx, L.L.C. moves this Court for a protective order and for an extension of discovery of 30[1] days, from December 29, 2012 to and including January 31, 2013. In support of the motion, Plaintiff sets forth as follows:

1. On December 11, 2012, without consulting Plaintiff's counsel, Defendant unilaterally noticed Plaintiff's deposition for December 21, 2012. (Doc. 72). Defendant did not mail a copy of the notice to Plaintiff's counsel.

2. On December 10, 2012, by letter of same date addressed to Hon. Steve C. Jones, Defendant's counsel notified the Court that she will be on a leave of absence from December 24, 2012 to and including January 12, 2013. A copy of the letter is

---

[1] December 29, 2012 is a Saturday.

annexed hereto as an exhibit.  Defendant's counsel's unilateral leave of absence effectively deprived Plaintiff of the last week of the current discovery period in this matter.

    3.  Plaintiff's counsel is not available to defend a deposition on December 21, 2012.  Plaintiff's counsel has response papers due on that date regarding a motion for summary judgment in another matter.  That matter is, *Tabitha Clark v. Paragon Systems, Inc. et al.*, Civil Action File No. SU10-CV-0874-J, pending in the Superior Court for Clarke County, Georgia.

    4.  As this Court is undoubtedly aware, the practice in this district – as in most every district – is for counsel to consult prior to issuing notices for depositions, precisely to avoid the situation here, where Plaintiff's counsel cannot defend Plaintiff's deposition in this case on the noticed date of December 21, 2012 without severely prejudicing the rights of another client in another case.  Plaintiff's counsel would have told that to Defendant's counsel if she had inquired as to Plaintiff's counsel's availability before unilaterally issuing the Notice of Deposition in this case.

    5.  Since Defendant did not mail the Notice of Deposition but did mail the notice of a leave of absence, Plaintiff's counsel did not realize that Plaintiff's deposition had been noticed for December 21, 2012 until December 19, 2012 when he affirmatively checked the Court's docket.

6. On December 19, 2012 Plaintiff's counsel sent a letter to Defendant's counsel by email suggesting that the Defendant adjourn Plaintiff's deposition to a date of Defendant's counsel's choice in January 2013, and that the parties move to extend discovery so that Plaintiff would have the opportunity to take the depositions she requires.  A copy of the letter is annexed hereto as an exhibit.  In his letter, Plaintiff's counsel had suggested an extension of discovery to January 18, 2013, but upon re-reading the Defendant's counsel's notice of her leave of absence it appears that that date would be unrealistic, since the leave of absence set forth in the notice extends to January 12, 2013.

7. Defendant's counsel has not responded to Plaintiff's counsel's aforesaid letter.

8. It is respectfully submitted that this Court should issue a protective order with respect to the Notice of Deposition to take Plaintiff's deposition on December 21, 2012 (Doc. 72) because Defendant's unilateral notice, issued in derogation of the customary practice in this and indeed of most all districts, has made it impossible for Plaintiff's counsel to defend the deposition on that date due to an irreconcilable conflict, as set forth above.  It is further respectfully submitted that discovery in this matter should be extended to and including January 31, 2013, in order to avoid Defendant unilaterally truncating discovery by the aforesaid notice of leave of absence.

WHEREFORE, it is respectfully submitted that this Court should issue a protective order regarding the Notice of Deposition for Plaintiff's deposition on December 21, 2012 (Doc. 72), and that this Court should extend discovery to and including January 31, 2013.

Respectfully submitted this 20th day of December 2012.

        s/Robert N. Marx
        Georgia Bar Number 475280
        Attorneys for Plaintiff
Marx & Marx, L.L.C.
      5555 Glenridge Connector, Suite 200
      Atlanta, Georgia 30342
      Telephone:  (404) 261-9559
      E-mail:  lawyers@marxlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SCHERITA DANIEL,                           x

        Plaintiff,                :

vs.                                        :   CIVIL ACTION FILE
           NO. 1:10-cv-03455-SCJ-LTW

DEKALB COUNTY SCHOOL DISTRICT, :

        Defendant.               :
_____x

CERTIFICATE OF SERVICE

     This is to certify that on December 20, 2012, I electronically filed: **Motion for a Protective Order and to Extend Discovery,** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

        Jessica Smith, Esq.
        Alexander & Associates
        1020 Edgewood Avenue, N.E.
        Atlanta, GA 30307

  Respectfully submitted, this 20th day of December 2012.

         s/Robert N. Marx
        Georgia Bar Number 475280
        Attorneys for Plaintiff
        Marx & Marx, L.L.C.
        5555 Glenridge Connector, Suite 200
        Atlanta, Georgia 30342
        Telephone: (404) 261-9559
        E-mail: lawyers@marxlaw.com